IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

EDWARD M. PARTLOW, Plaintiff

V.

SGT. BROWN, Officer
CAPT. EARNEST, OFC
LT. JACKSON, OFC
CAPT. BOLDMAN, OFC
DENNIS BEAGLE, WARDEN
CHARLENE BURKETT, OMBUDSMAN
KATHERINE MCCORKLE, GRIEVANCE
MAJOR CONYERS, OFC.
CHRISTINA CONYERS, GRIEVANCE OFC
K. ASH,

1:23-cv-02208-RLY-KMB

FILED 12/07/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

PLAINTIFF EDWARD PARTLOW IS A PRISONER CURRENTLY INCARCERATED AT PENDLETON CORRECTIONAL FACILITY, LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON, IN. 46064

PLAINTIFF IS A CITIZEN OF THE UNITED STATES OF AMERICA, HOUSED IN THE STATE OF INDIANA

OFFICER K. ASH AT ALL TIMES RELEVANT WAS EMPLOYED by I.D.O.C AND WORKS AT PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 WEST REFORMATORY Rd. PENDLETON IN 46064

PG 1                    SEE REVERSE

SGT. BROWN IS AN OFFICER EMPLOYED BY I.D.O.C AND AT ALL TIMES RELEVANT WORKED AT PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON, IN. 46064

CAPT. EARNEST AT ALL TIMES RELEVANT IS AN EMPLOYEE OF I.D.O.C, WORKS AT PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON IN. 46064

CAPT. BOLDMAN IS A OFC. AT PENDLETON CORRECTIONAL FACILITY, AT ALL TIMES RELEVANT, AND WORKS FOR I.D.O.C LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON, IN. 46064

MAJOR CONYERS AT ALL TIMES RELEVANT IS A OFC. EMPLOYED BY I.D.O.C AT PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON, IN. 46064

CHRISTINA CONYERS AT ALL TIMES RELEVANT IS EMPLOYED BY I.D.O.C, PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W. REFORMATORY Rd. PENDLETON IN 46064

K. McCORKLE AT ALL TIMES RELEVANT WAS AND IS EMPLOYED BY I.D.O.C GRIEVANCE DEPT., PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W. REFORMATORY Rd PENDLETON IN. 46064

LT. JACKSON AT ALL TIMES RELEVANT WAS AND IS EMPLOYED BY I.D.O.C. PENDLETON CORRECTIONAL FACILITY LOCATED AT 4490 W REFORMATORY Rd PENDLETON, IN. 46064

2

Dennis Reagle at all times relevant was and is an employee of I.D.O.C. Pendleton Correctional Facility located at 4490 W. Reformatory Road, Pendleton, IN. 46064

Charlene Burkett is Director of the Ombudsman Bureau of Indiana, is employed by I.D.O.C. Ombudsman located at 402 W. Washington St., Indianapolis IN. 46204-2744

EXHAUSTION OF ADMINISTRATIVE REMEDIES:

Plaintiff filed emergency grievance process as is outlined in I.D.O.C. Policy # 00-02-301 IV C. "Emergency Grievances"; and XII. Time Limit Extensions.
 Accordingly, as the Plaintiff was being discriminatorily denied handicap showers which could cause injury; and denied his medically prescribed meal and mental health assistance all in retaliation due to him excersizing right to file suit; this was undoubtedly an "Emergency Grievance" situation.
00-02-301 XII. "Time Limit Extensions," states in relevant part; "... When there has been delay in responding to a request for grievance, or an appeal that goes beyond" response deadline..."The result shall be that the complaint, the grievance, or the appeal is deemed to have been denied and the offender is permitted to proceed to the next step of the grievance process, if any step remains. If no step remains, the offender has exhausted all remedies at the department level," quoting I.D.O.C. Policy # 00-02-301 Offender Grievance Policy.

As evidenced in attached "Request for interview response of case worker Goodnight; "There is no direct way to communicate with the grievance specialist.

SEE REVERSE

As evidenced in the attachment Evidence of Grievances: Plaintiff filed grievances in a timely fashion citing Retaliation, Discrimination in violation of Americans with Disabilities Act, Cruel and Unusual Punishment, violation of Safe Drinking Water Act and Denial of Rights.

These grievances began on 5-23-23.

Defendant, Grievance Specialist delayed responses for more than five (5) months, well after time limit allotted in I.D.O.C Policy 00-02-301.

Plaintiff wrote requests asking for appeal form and final review to Grievance Specialist and Warden/Designee Dennis Reagle.

Per Policy: After Defendants missed "Every" possible deadline, no step remained and the grievance was deemed denied.

Thus, the Plaintiff exhausted all remedies at the department level that were available to him as outlined in Policy and Administrative Procedure 00-02-301

## FACTUAL ALLEGATIONS

Following the filing of July 8th, 2023 Emergency Grievance concerning Officer K. Ash depriving the Plaintiff of his handicap shower, Officer Ash would again on Sept. 26th, 2023 tell Officer in charge Sgt. A. Brown to deny the Plaintiff a shower.

Sgt. Brown would also refuse to give the Plaintiff his prescribed high protein meal which had just been ordered by medical staff due to the Plaintiff's drastic weight loss.

SEE REVERSE

On Sept. 27th after Plaintiff again was denied medical shower and medical meal, Plaintiff became frustrated and threw his cup to the floor.

After water splashed on the Plaintiff and Sgt. Brown she falsely claimed the Plaintiff assaulted her with an "unkown liquid substance." The Plaintiff was placed on "Strip Cell" status, deprived of hygiene, religious material, medical meals, legal work and hot food, eating utensils cup and/or bowl.

Sgt. Brown would be terminated for taking unpaid leave and falsely claiming she went to hospital following alleged assault described above.

Although there was "no" proof that the Plaintiff assaulted Brown and no hearing was held, the Plaintiff was punished.

Plaintiff is diagnosed P.T.S.D., has night terrors, has degenerative knees, a torn patella in left knee and loose cartilege in right knee for which he receives cortizone shots, requires a cane and has bottom bunk bottom range 'no stair' pass.

From Sept. 27th, 2023 through the time of filing this duel complaint the Defendants would continue to deny the Plaintiff access to legal work, hygiene, proper clothing, above standard conditions of confinement or adequate medical conditions.

On Oct. 25, 2023, Prop. Ofc. Bishop would inform Plaintiff of his belongings

SEE REVERSE

being trashed. See Aff.

On Oct. 31st 2023, Sgt. Konkle would enter the Plaintiff's cell and take his diet card.

On the same day Sgt. Surguy would deny the Plaintiff medical meal.

Plaintiff would file emergence grievance and request camera preservation.

All defendants were made aware of bad actors and co-operated with mistreatment, failed to intervene and protect the Plaintiff and/or failed to protect and/or transfer the Plaintiff.

PLAINTIFF INFORMED CHARLENE BURKET THAT INTERVENTIONAL TRANSFER WAS REQUIRED TO PREVENT INEVITABLE SEPT. 25, 26 & 29, 2023 INCIDENTS FROM OCCURING.

DEFENDANT REAGLE WAS WROTE AND NOTIFIED IN PERSON OF PERILOUS DANGER FROM LEAVING PLAINTIFF AROUND THESE PROVEN RETALIATORY DEFENDANTS

DEFENDANTS REAGLE, BOLDMAN, JACKSON, BURKETT, McCORKLE, MAJ. CONYERS AND C. KONYERS FAILED TO PROTECT THE PLAINTIFF FROM DEFENDANTS NAMED IN THIS COMPLAINT AS WELL AS OTHERS.

ON 9-28-23 ESKINAZI MEDICAL TEAM PROVIDED PLAINTIFF WITH MEDICAL EQUIPMENT REQUIRED TO REHABILITATE PLAINTIFF'S SURGICALLY REPAIRED HAND.

DEF. JACKSON REFUSED PLAINTIFF ACCESS TO THIS EQUIPMENT.

DEF. JACKSON STATES BECAUSE PLAINTIFF IS ON "STRIP CELL" PLAINTIFF IS DENIED MEDICAL NEEDS, RELIGIOUS NEEDS, BASIC HYGIENE NEEDS, RECREATION, ACCESS TO PHONE OR EMAILS.

THIS IS A SECTION 1983, 1984, 1985 CIVIL SUIT.

RELIEF REQUESTED

PLAINTIFF WOULD LIKE TO SUE EACH INDIVIDUAL IN BOTH THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

PLAINTIFF WOULD LIKE TEMPORARY

6

PENDLETON CORRECTIONAL FACILITY
Pendleton, Indiana          State Form 8532

DOC No._____
NAME: _____
_____ 20____

Sgt. Brown wrote Plaintiff up alleging assault resulting in bodily injury.

As punishment, before receiving a conduct report, Plaintiff Partlow was separated from remaining legal work, religious material, placed in "Strip Cell" status, deprived of sheet, blankets, clothing and high protein diet.

Defendants Reagle, Boldman, Jackson, & Earnest had Plaintiff separated from remaining belongings and tablet.

Def Boldman, Earnest and Jackson refused to separate Brown or protect Partlow from following

On Sept. 29, 2023 following her return to work, Ofc. Sgt. Brown refused to feed Partlow

Sgt. Brown stated "He'll starve before I feed him." Gave Plaintiff Partlow food to inmate Joseph Carroll #149608 These actions can be seen on G Cell House 2 D Range Camera

No record of Partlow on Hunger Strike exists

5.      See Envelope

PENDLETON CORRECTIONAL FACILITY
Pendleton, Indiana         State Form 8532

DOC No._____
NAME:_____
_____ 20___

Restraining order as it pertains to Defendants Brown and Ash.

Plaintiff would like emergency transfer, injunctive relief that plaintiff be treated by outside source for knee and hand damage.

Plaintiff would like it acknowledged that he was deprived of rights and discriminated against due to his disabilities.

Plaintiff would like monetary and punitive damages awarded in sum of $750,000.00

### Filing Fee Waiver

Plaintiff Edward M Partlow would like to ask that initial and/or partial filing fee is waived until final disposition of adjudication as defendants have made it impossible for me to earn "any" form of income.

Plaintiff in good faith requests that the court waive any and all filing fee until final disposition.

Wherefore Plaintiff request waiver of filing fee and for all other relief deemed just and proper.

Edward M. Partlow

Edward Partlow

9

To obtain a preliminary injunction a plaintiff must first show that (1) without this relief he will suffer irreparable harm:

- Out of retaliation defendants "alleged" they found pure fentanyl in plaintiff's cell.

- Lowered plaintiff mental health code and removed him from a substance abuse In patient treatment program without a classification or disciplinary hearing.

- Had plaintiff placed in segregation with no access to bedding, cosmetics, legal work clothing or fan to fight inclimate weather, no recreation or access to legal material or medication and grievance process for one hundred plus (100)+ days.

- "District courts may issue preliminary injunction against the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with any such persons." See Fed. R. Civ. P. 65(d)(2).

Affidavits, med copies, request slips submitted herewith will demonstrate defendants and/or persons in active concert continue to place the plaintiff in danger of more irreparable harm. And restraining order, preliminary injunction and transfer is warranted in interest of justice.

(2) "Traditional legal remedies would be inadequate."

- Plaintiff filed grievances pointing out the retaliation which were not replied to.

Evidence, Property and Hygiene for months. Defendants have deprived Plaintiff of Recreation and placed the plaintiff in Conditions of Confinement which violate his Constitutional Rights.

Because the Plaintiff misspoke, is seeking a "Restraining Order" and a Preliminary Injunction and both are governed by Rule 65 of the Federal Rules of Civil Procedure, the Requests that Both are Granted and Defendants are Ordered To:

- Transfer the Plaintiff to General Population of a Different Facility.

- Place the Plaintiff back in Recovery While Incarcerated Program

- Grant the Plaintiff Access to All of the Property and Evidence (Including Legal Work) he has been Separated from by Defendants And/or other Persons who are in active Concert or participation with the Defendants.

- Replace And/or Compensate the Plaintiff for any Property Missing, Damaged or destroyed while out of the plaintiff's possession.

- Provide the Plaintiff with All Medically Prescribed Items such as Cane, Hand brace, Meals, Physical Therapy and Recreation as documents deem Necessary

A Preliminary Injunction is an Extraordinary Equitable Remedy that is Available Only When the Movant Shows Clear Need.

Turnell v. Centimark Corp. 796 F. 3d 656, 661 (7th Cir

- PLAINTIFF FILED CLASSIFICATION APPEAL AND WAS TOLD "ON H.P.I" WHICH MEANS ONLY THE DEFENDANTS CAN REMEDY MATTERS.
  SEE CLASSIFICATION REPLY

- PLAINTIFF COULD ONLY COMPLAIN OF RETALIATION OF PARTIES IN ACTIVE CONCERT OR PARTICIPATION WITH DEFENDANTS TO THE DEFENDANTS. PLAINTIFF STILL SUBMITTED REQUEST WHICH WERE IGNORED.
  SEE GOODNIGHT RESPONSE

- PLAINTIFF SOUGHT TRANSFER WHICH SUPERINTENDANT SUBMITTED ON JULY 11, 2023 AND DEFENDANTS HALTED BY PLACING PLAINTIFF ON H.P.I TEN (10) DAYS LATER.
  SEE GOODNIGHT EXHIBIT

(3) "HE HAS SOME LIKELIHOOD OF PREVAILING ON THE MERITS OF HIS CLAIMS."

- This Prong is supported by the Pleadings, evidence already submitted and evidence submitted herein.

IF the PLAINTIFF MEETS these threshold REQUIREMENTS, The Court then MUST WEIGH the harm the denial OF the PRELIMINARY INJUNCTION would CAUSE the Plaintiff against the harm to the DEFENDANTS if the Court WERE to GRANT it.

IRREPARABLE HARM WOULD COME TO PLAINTIFF MENTALLY, PHYSICALLY AND FINANCIALLY IF HE WERE KEPT IN REACH OF THE DEFENDANTS.

NO HARM WOULD BE BROUGHT TO THE DEFENSE IF THE COURT WERE TO GRANT T.R.O AND INJUNCTIVE RELIEF BUT THE COST OF COMPENSATING THE PLAINTIVE FOR ITEMS DESTROYED, LOST OR

DAMAGED AFTER THEY VIOLATED I.D.O.C POLICY GOVERNING THE SEARCHING, HANDLING AND CONFISCATING OF PROPERTY TO OBTAIN AND SEPARATE THE PLAINTIFF FROM.

REF. I.D.O.C Policy, Exhibits, Requests & Bishop Reply.

"A PRELIMINARY INJUNCTION IS AN EXERCISE OF A FAR-REACHING POWER, NEVER TO BE INDULGED IN EXCEPT IN A CASE CLEARLY DEMANDING IT." ORR V. SHICKER, 953 F. 3d 490, 501 (7th Cir. 2020) (cleaned up).

With All Above Captioned Text, And Enclosed Evidence, The Plaintiff Believes this is Such A Case And Prays The Court Agrees.

WHEREFORE I PRAY THE COURT GRANTS A TEMPORY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND FOR ALL OTHER RELIEF DEEMED JUST AND PROPER.

Respectfully Submitted,

Edward M. Partlow
NAME

Edward Partlow
SIGNATURE

One who is given a badge of authority may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his pressence or otherwise within his knowledge. The responsibility to intervene applies equally to supervisory and non supervisory officers. An officer who is present and fails to intervene to prevent other officers from infringing the constitutional rights of citizens is liable under 42 U.S.C. § 1983 if that officer had reason to know: (1) that excessive force is being used, (2) that a citizen is being unjustly arrested, or (3) that any constitutional violation has been committed by an official; and that officer had a realistic opportunity to intervene to prevent the harm from occurring